UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Dean Rodahl,

Petitioner,

vs.

Lou Stender, Warden,

Respondent.

Civil No.: 00-2642 MJD/FLN

**REPORT AND RECOMMENDATION**

---

Petitioner, pro se.
Wayne H. Swanson for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Respondent's Motion to Dismiss Petition and Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#4] on February 6, 2001. Respondent argues that the Motion to Dismiss should be granted because: (1) Petitioner's claims for relief have already been granted to him, and (2) Petitioner's arguments are without merit.

Petitioner seeks a Writ of Habeas Corpus on two grounds. First, the sentencing judge violated the Fifth, Sixth, and Fourteenth Amendments by sentencing Petitioner as a career offender and ordering him to serve consecutive sentences. See Petition for Writ of Habeas Corpus at 5 [#1]. Second, the sentencing judge violated Petitioner's due process rights by not having a court reporter in court during Petitioner's July 2, 2000, sentencing. (Id.).

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK

## I. BACKGROUND

Petitioner was charged with the felony offense of Theft by Check in violation of Minn. Stat. § 609.52, subd. 2(3)(i) and 3(3)(c), on December 9, 1998. The total amount of the checks involved in the theft was $403.40. Although the amount of theft was less than the $500.00 level required by statute to charge the crime as a felony, an exception was made in Petitioner's case because of his prior history of theft related convictions. Petitioner pled guilty to the charge on May 17, 1999. See Guilty Plea transcript, Appendix B-1 to Government's Response to Petition for Writ of Habeas Corpus. At the same time, Petitioner pled guilty to a probation violation on a prior felony Theft by Check case. (Id.). The guilty plea was entered on an open basis, with both parties free to argue the sentencing conditions at the sentencing hearing. (Id. at B-2).

A sentencing hearing was held on July 2, 1999. By that time, law enforcement authorities had become aware of additional bad checks issued by the Petitioner during the relevant time period sufficient to raise the total value of the checks to $577.34.

The parties disagreed at the sentencing hearing regarding Petitioner's exact criminal history score, but Petitioner conceded that he had at least a score of six for the purposes of the sentencing guidelines. Sentencing Transcript, Appendix at C-1. The State argued that Petitioner should be treated as a career offender because of his previous theft convictions, while Petitioner argued that he should receive the guideline sentence. Id. at C-5. The Court found that Petitioner was a career offender and sentenced him to sixty months' imprisonment. Id. at C18-19. The Court also ordered that Petitioner not be given credit for time he would serve in North Dakota for violations in that State, and Ordered that he receive a consecutive sentence, which would commence when his time in North Dakota had been served. (Id.).

Petitioner appealed his sentence to the Minnesota Court of Appeals on September 27, 1999, on two issues. See Respondent's Appendix at D. First, Petitioner argued that his sentence was excessive because he should not have been sentenced as a career offender because his prior crimes were property crimes. Id. Second, he argued that he should receive a concurrent sentence. Id. On December 21, 1999, the Court of Appeals denied Petitioner's first ground for relief, but remanded the second issue, ordering the district court to modify Petitioner's sentence from consecutive to concurrent. Id.

On January 5, 2000, Petitioner filed a Petition for Review of the Decision of the Court of Appeals with the Minnesota Supreme Court. See Respondent's Appendix at F. The Supreme Court denied this Petition on February 15, 2000. Id. at G. On March 1, 2000, Judge Michael J. Kraker of the State of Minnesota's Ninth Judicial District ordered that Petitioner's sentence be served concurrently with the Defendant's previously imposed North Dakota sentence, in accordance with the instructions of the Court of Appeals. Id. at H1. A copy of this Order was transmitted to Dan Wrolstad of the North Dakota Pentientiary on March 6, 2000. Id.

In his current Petition, Petitioner argues, apparently for the first time, that his due process rights were violated by the Court's failure to have a court reporter or Petitioner's attorney in the court room on March 1, 2000. Petition for Writ of Habeas Corpus at 5.

## II. ANALYSIS

### A. Sentencing to Concurrent Sentences

Petitioner's request that his July 2, 1999, sentence be amended so that his sentence run concurrently with the sentence that he is presently serving in the North Dakota Penitentiary has already been granted by Judge Kraker. Accordingly, this portion of the Petition is moot.

**B. Denial of Due Process By Not Having Court Reporter or Attorney Present**

Petitioner also argues that when he was sentenced on July 2, 1999, neither his attorney nor a court reporter were present in the courtroom. The transcript of the sentencing hearing indicates, however, that Petitioner's attorney was present throughout the hearing. See Respondent's Appendix C. Furthermore, Karen D. Boucher, a court reporter for the District Court in Crookston, Minnesota, certified that she made a full, true, and correct transcript from her original recording on July 2, 1999. Id. at C-20. Accordingly, there is no merit to this aspect of the Petition.

**C. Sentencing as a Career Offender**

The Petition also alleges that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated by the sentencing Judge's decision to sentence Respondent as a career offender. Respondent has failed to address this issue in its Motion to Dismiss. Accordingly, this aspect of the Petition should not be dismissed.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's Motion:

1. To Dismiss Petition and Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#4] be **GRANTED**;

2. That aspect of the Petition relating to Petitioner's allegation that his rights were violated when he was sentenced as a career offender should not be dismissed.

Dated: February 15, 2001

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.