UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Dean Rodahl,

Petitioner,

vs.

Lou Stender, Warden,

Respondent.

Civil No.: 00-2642 MJD/FLN

**REPORT AND RECOMMENDATION**

---

Petitioner, pro se.
Wayne H. Swanson for Respondent.

---

**THIS MATTER** originally came before the undersigned United States Magistrate Judge on the Respondent's Motion to Dismiss Petition and Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#4] on February 6, 2001. At that time, this Court issued a Report and Recommendation recommending dismissal of all portions of the Petition other than that portion alleging that Petitioner's rights were violated when he was sentenced as a career offender. An Order was issued at the same time directing Respondent to address the career offender allegations. Respondent has complied with that Order. This Report and Recommendation will address the career offender allegations.

## I. BACKGROUND

See this Court's Report and Recommendation of February 15, 2001, for the factual background of this Report and Recommendation.

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. ANALYSIS

### A. Sentencing as a Career Offender

The Petition alleges that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated by the sentencing Judge's decision to sentence Petitioner as a career offender. In habeas corpus proceedings, the factual findings of a State court are presumed to be correct. 28 U.S.C. § 2254(e)(1). In this case, the State court found that Petitioner should be sentenced under Minnesota's career offender statute, Minn. Stat. § 609.1095, subd. 4. The career offender statute states that:

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the judge finds and specifies on the record that the offender has five or more prior felony convictions and that the present offense is a pattern of criminal conduct.

Minn. Stat. § 609.1095, subd. 4. In State v. Kimmons, 502 N.W.2d 391 (1993), the Minnesota Supreme Court held that this statute was constitutionally valid.

The State court's decision to sentence under the career offender statute was based on Petitioner's extensive criminal history, which includes ten prior felonies, all involving theft and forgery by check, and pattern of criminal behavior. See Sentencing Transcript at 19. The offenses encompassed over $10,614.93 in bad checks and 187 fraudulent check or financial card transactions. Id. at 11. These statistics made Petitioner eligible for sentencing as a "career offender."

**B. Fifth Amendment Rights**

The Petition states no claim that Petitioner's Fifth Amendment right to procedural due process was violated. Assuming that the Petition presents a Fifth Amendment substantive due process claim, the Court must determine whether the Government has engaged "in conduct that shocks the conscience or interferes with the rights implicit in our concept of ordered liberty." See United States v. Salerno, 481 U.S. 739, 746, 95 L.Ed.2d 697, 701 S.Ct. 2095 (1987). Simply put, nothing about Petitioner's sentence as a career offender pursuant to valid Minnesota state statute shocks the conscience. Accordingly, Petitioner's claim that his Fifth Amendment rights were violated must fail.

**C. Sixth Amendment Rights**

The Sixth Amendment states that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

The Petition does not indicate, and the Court cannot ascertain, any way in which Petitioner's sentencing as a career offender implicates his Sixth Amendment rights, particularly in light of the fact that Petitioner pled guilty and no trial was held. Accordingly, this claim must be rejected as without merit.

**D. Fourteenth Amendment Rights**

Again, Petitioner alleges but does not put forth supporting argument to prove his assertion that sentencing as a career offender violates his Fourteenth Amendment rights. The Supreme

Court has held that under the Equal Protection Clause of the Fourteenth Amendment, persons who are similarly situated should be treated in the same manner. City of Cleburne v. Cleburne Living Ctr., Inc.,, 473 U.S. 432, 439, 87 L.Ed.2d 313, 105 S.Ct. 3249 (1985). There is no evidence in the record that Petitioner has been treated differently from anyone else convicted of eleven felonies. Accordingly, Petitioner's Fourteenth Amendment argument should be rejected as without merit as well.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's Motion:

1. To Dismiss Petition and Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#4] be **GRANTED**, including that portion pertaining to Petitioner's status as a career offender.

Dated: April 13, 2001

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.